# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-30394-WRS
                                                   Chapter 11

LISA L. LAMBERT,

        Debtor

## MEMORANDUM DECISION

These consolidated bankruptcy cases came before the Court for hearing on October 19, 2004, upon the objection of Auburn Bank to the Debtor's Disclosure Statement. The Debtor was present by counsel Collier H. Espy, Jr., and Auburn Bank was present by counsel Stephen G. Gunby. Also present were D. Mitchell Henry for Wadsworth-Phillips, Joel D. Connally for Capital Partners, Patricia A. Conover for Internal Revenue Service, Von G. Memory for Aliant Bank and Michael Fritz for the Bankruptcy Administrator.

Debtor Lisa Lambert filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, initiating this case on February 12, 2004. At the same time, a petition in bankruptcy was filed by Auburn Fun Zone, Inc., under Case No. 04-30390. These two cases were consolidated, for purposes of administration, by this Court's Order of April 1, 2004. (Doc. 63). Specifically, the Court ordered that all pleadings and papers be filed in this case (Case No. 04-30394) and that one disclosure statement and one plan should be filed. Parties in interest should bear in mind that the two debtors, though closely related, have separate creditor populations and separate assets.

On June 11, 2004, a disclosure statement was filed by the consolidated debtors. (Doc. 151). On June 18, 2004, the Court entered an order which provided that the disclosure statement

should be sent to creditors and further provided that objections to the disclosure statement should

be filed by July 21, 2004. (Doc. 155). A hearing was scheduled for July 27, 2004, but later

continued to October 19, 2004. (Doc. 190). Auburn Bank filed a timely objection to the

disclosure statement on July 21, 2004. (Doc. 187). On August 27, 2004, the consolidated

Debtors filed an Amended Disclosure Statement. (Doc. 200). On October 15, 2004, the

consolidated debtors filed additional information in an effort to meet the objections of

Auburnbank. (Doc. 216).

Before the Debtors may solicit acceptances of their plan, they must make a disclosure of

"adequate information." 11 U.S.C. § 1125. The Bankruptcy Code defines the term "adequate

information" to mean:

> . . . information of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records, that
> would enable a hypothetical reasonable investor typical of holders
> of claims or interests of the relevant class to make an informed
> judgment about the plan.

Id.

Auburnbank contends that the disclosure statement is deficient listing 21 items. (Doc.

187). Having considered the objection of Auburnbank, the argument of counsel at the October

19, 2004 hearing, and having carefully considered the Disclosure Statement and additions, the

Court concludes that the Disclosure Statement should not be approved. The Court will discuss

several of what it believes to be the more serious problems with the Disclosure Statement. The

majority of the other items, though not discussed here, are largely matters of detail, which

counsel should be able to resolve. The more substantive matters are discussed below.

2

Auburnbank's first two objections are that the disclosure statement fails to contain detailed information on income and expenses for both the Auburn Fun Zone, Inc., and Lisa Lambert. The debtors attempted to meet that objection by way of its October 15, 2004, filing. The debtors intend to propose a plan which will be funded from income generated by future operations. The Debtors refer Auburnbank to its monthly operating reports, which are on file in this case, and invite it to make its own projections. This is not acceptable. If the creditors are to buy into the Debtors' plan, they are entitled to Ms. Lambert's best estimate as to what the future will bring. The creditors may want to examine Ms. Lambert on the assumptions used in making her projections and make their own determination as to whether it is in their best interests to accept the plan. The Debtors shall amend their disclosure statement to provide projections as to income and expenses for both of the consolidated debtors. All assumptions should be clearly stated.

A second difficulty with the disclosure statement is in the liquidation analysis. In making a determination as to whether a plan should be confirmed or not one makes a comparison of how the unsecured creditors will fare if the business is liquidated with how it will be treated under a proposed plan. While some information is provided, the analysis in incomplete. The Debtors must provide answer to these two questions: (1) how much will unsecured creditors be paid if the debtors are liquidated; and (2) how much will they be paid under a plan of reorganization? To answer these two questions, the Debtors will necessarily have to make estimates. The basis of each estimate should be clearly explained.

Auburnbank also objects to the lack of disclosure as to who will own the reorganized entity. The disclosure statement should clearly indicate the capital and equity structure of the

3

proposed reorganized entities and disclose their ownership. If assets are jointly owned, or owned with third parties, all such ownership interests should be disclosed.

Auburnbank also objects to a single disclosure statement and plan, contending that separate disclosure statements and plans should be filed. The Court notes that these cases have been consolidated for purposes of administration, and is not inclined to reverse or modify the order of consolidation. The Court notes that in the listing of assets and liabilities, it appears that an attempt has been made to delineate which entity owns each asset and owes each liability, the Debtors should be mindful to make this distinction. The Court overrules the objection of Auburnbank insofar as it seeks to "deconsolidate" these proceedings.

The Court will, by way of a separate order, deny approval of the Debtors' Disclosure Statement. In addition, the Court will set this Chapter 11 case for a status hearing on **December 7, 2004, at 10:00 a.m. in Montgomery, Alabama, Courtroom 4(D).** In addition, the Court will order counsel for the Debtor and Auburn Bank to confer in advance of the hearing and attempt to resolve their differences with respect to the disclosure statement.

Done this 16th day of November, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Debtor
   Stephen G. Gunby, Esq.
   Joel D. Connally, Esq.
   D. Mitchell Henry, Esq.
   Patricia Allen Conover, Esq.
   Von G. Memory, Esq.
   Teresa R. Jacobs, Bankruptcy Administrator

4