**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                         Case No. 04-30394-WRS
                                                             Chapter 11

LISA L. LAMBERT,

        Debtor

## MEMORANDUM DECISION

This Chapter 11 case is before the Court upon the Debtor's application to approve the

employment of Gary A. Cook, a realtor with ALFA Realty.  (Doc. 239).  The Debtor seeks to

employ Cook to sell commercial real property.  The application is supported by the Affidavit of

Gary A. Cook, which states, in part, as follows: "That to the best of my knowledge I do not hold

any interest adverse to that of the bankruptcy estate herein."  (Doc. 239, Exhibit A).  This

statement is insufficient.

Applications for employment of professional persons are governed by the provisions of

Rule 2014, Fed. R. Bankr. P.  "The application shall be accompanied by a verified statement of

the person to be employed setting forth the person's connections with the debtor, creditors, any

other party in interest, their respective attorney and accountant, the United States trustee[1] or any

person employed in the office of the United States trustee."  Id.  The application and the affidavit

are insufficient because no representation is made as to connections between Cook and the

individuals listed in the rule.

The Court may not approve the employment of a professional who holds an interest

which is adverse to the estate.  11 U.S.C. § 327(a).  Where employment is for a specified special

purpose, the condition is narrower, excluding only those professionals who hold an interest

---

[1] As a Bankruptcy Administrator rather than a United States Trustee serves in this
district, the affidavit should make reference to her.  See, Rule 9035, Fed. R. Bankr. P.

which is adverse with respect to the matter for which he is to be employed. 11 U.S.C. § 327(e).

It should be noted that the disclosure requirements of Rule 2014 are broader than the

disqualifying conditions of either § 327(a) or (e). By limiting the affidavit as here, the Debtor

may be concealing pertinent information from the Court and other parties in interest. This is

further unsettling as at least one creditor has made allegations, unsubstantiated thus far, that the

Debtor may be dealing with related parties without disclosing relationships by blood, marriage or

affinity.[2] The Court is not willing to accept a legal conclusion, that Cook holds no adverse

interest, without making full disclosure as provided by Rule 2014.

It may well be that there is no intention to conceal any connections that Cook may

have. Cook may well be willing to execute an affidavit setting forth all connections with the

persons indicated in the Rule. The Court does not intend to imply that there is anything improper

about Cook's employment. Rather, the application is rejected as the form of the disclosures is

insufficient. The Court will deny, by way of a separate order, the pending application. This

denial is without prejudice to the Debtor's to resubmit the application supported by proper

disclosures.

Done this 19TH day of November, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator

---

[2] In the affidavit executed by the Debtor's bankruptcy counsel Collier H. Espy, Jr., the required disclosures were made. (Doc. 16).

2

Case 04-30394   Doc 243   Filed 11/22/04   Entered 11/22/04 11:33:23   Desc Main
Document     Page 2 of 3