UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                 Case No. 04-30394-WRS
                                                                      Chapter 7
LISA L. LAMBERT,

    Debtor.

## MEMORANDUM DECISION

This comes before the Court on the Trustee's Motion to Strike or Reclassify Claims on Claim Number 85 filed by the Chapter 7 Trustee. (Doc. 375). Creditor Himmelwright & Huguely, LLC filed Claim Number 85 and filed a response to the Trustee's motion. (Doc. 380). A telephonic hearing was set for June 8, 2010 at 1:30 P.M. A scheduling order was entered following the hearing, (Doc. 392), and all parties in interest were afforded an opportunity to file responsive briefs. For the reasons set forth below, the Trustee's Motion to Strike or Reclassify Claims is GRANTED.

## I. FACTS

On August 6, 2002, Lisa L. Lambert ("the Debtor") filed a chapter 11 case, Case No. 02-32352, with her then-husband as a joint debtor (hereinafter "Case 1"). The case was dismissed on February 11, 2004 following the dissolution of the Debtor's marriage due to the dissolution and a complication of the bankruptcy proceeding. On February 12, 2004, the Debtor filed this chapter 11 bankruptcy without her ex-husband on the petition (hereinafter "Case 2"). Case 2 was subsequently converted to a chapter 7 case on March 3, 2005.

Prior to the dismissal of Case 1, the estate in Case 1 employed the accounting firm of Himmelwright & Huguley, LLC ("the Creditor") for the purposes of conducting accounting

1

Case 04-30394    Doc 403    Filed 10/05/10    Entered 10/05/10 12:02:10    Desc Main
                    Document      Page 1 of 4

work in Case 1. When Case 1 was dismissed, the Creditor remained unpaid for its services. After the Debtor filed Case 2, the Creditor filed a proof of claim for its services in Case 1, claiming them as administrative expenses under 11 U.S.C. § 503(b). (Claim No. 85). The Case 2 estate also did not hire the Creditor for Case 2's estate accounting; rather, a new accounting firm was hired to do the accounting for the new estate. (Doc. 396). In addition, the accounting performed by the Creditor in Case 1 was not only for the joint debtors, but also for businesses associated with the joint debtors that are not part of the current case's estate. *Id.*

On May 7, 2010, the Trustee filed a Motion to Strike or Reclassify Claims on Claim No. 85. (Doc. 375). The Creditor filed a response on May 20, 2010, (Doc. 380), and a telephonic hearing was set for June 8, 2010. Following the hearing, a scheduling order was entered asking for briefs from the parties in interest. The Bankruptcy Administrator filed a response to the Trustee's Motion on June 17, 2010. (Doc. 393). The Creditor filed its brief on June 22, 2010. (Doc. 395). The Debtor filed a brief on June 30, 2010. (Doc. 396). The Trustee filed his brief on July 7, 2010. (Doc. 397). The Creditor and the Trustee filed additional briefs on July 7 and 13, 2010, respectively. (Docs. 398, 399). Having considered all the parties' arguments, the Court now makes its decision.

## II.  CONCLUSIONS OF LAW

The Creditor argues Case 2 is essentially a continuation of Case 1 because of the short time period between filing and the substantial similarities between the cases. (Doc. 395). As such, since the Creditor's services in Case 1 provided a substantial contribution to Case 1 and Case 2 is simply an extension of Case 1, the Creditor provided a substantial contribution to Case 2 as well. Therefore, the Creditor argues that its debt should be categorized as a § 503(b)(3)(D) "substantial contribution" administrative expense. *Id.*

2

While the Court sympathizes with the Creditor's plight, it finds the Creditor's argument fails for two reasons. First, the majority of courts have held that § 503(b) grants administrative expense status only to those expenses that arise postpetition and not prepetition. *In re Hackney*, 351 B.R. 179, 184 (Bankr.N.D.Ala. 2006) (citing *Tavormina v. Weiner (In re Alchar Hardware Co., Inc.)*, 759 F.2d 867, 868-69 (11th Cir. 1985)). The expenses at issue here arose in a previous chapter 11 case and not from the current case. While the Debtor was a joint debtor in the previous case, the estates in the two cases are substantially different: The estate in Case 1 included pre-divorce assets and an additional debtor, while the estate in the present case is post-divorce and with only one debtor. A new accountant was hired for the current case because of the differences in the two bankruptcy proceedings. Moreover, Case 1 was not re-opened, but rather a whole new bankruptcy proceeding was filed creating a new estate. Simply refilling immediately upon dismissal does not equate to a case continuing.

Second, § 503(b)(3)(D) applies only to chapter 9 and 11 bankruptcy proceedings. 11 U.S.C. § 503(b)(3)(D). Although this case originated as a chapter 11, it is currently a chapter 7 case. In order for the Creditor to prevail, the Creditor would have to show that it substantially contributed to the administration of the estate postpetition and prior to the case's conversion to a chapter 7. *In re Hackney*, 351 B.R. at 204 (citing *Xifaras v. Morad (In re Morad)*, 328 B.R. 264, 272-73 (1st Cir. BAP 2005)). The Creditor has presented no such evidence. The Creditor was not employed by the estate in the current proceeding at any point. As such, this Court finds that the Creditor has failed to show that it substantially contributed to this bankruptcy proceeding postpetition or prior to its conversion from chapter 11 to chapter 7.[1]

---

[1] There is a small minority of cases that have interpreted "substantial contribution" broadly in the context of chapter 11 cases such that prepetition services were considered administrative expenses under 11 U.S.C. § 503(b)(3)(D) because those services benefitted the estate. However, as has already been pointed out, this situation involves two

### III.  CONCLUSION

This Court finds that Himmelwright & Huguley, LLC does not have a qualifying administrative expense under 11 U.S.C. § 503(b)(3)(D).  For this reason, the Court will grant the Trustee's motion by way of a separate order.

Done this 5th day of October, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Robert D. Reynolds, Trustee
    Matthew W. White, Attorney for Himmelwright and Huguley LLC
    Collier H. Espy Jr., Attorney for Debtor

---

different estates with two different sets of financial affairs.  New accounting work was done for Case 2 because of these differences.  Nothing in the facts suggests that the Creditor's work in Case 1 substantially contributes to the current case.